IN THE UNITED STATES DISTRICT COURT FOR

THE MIDDLE DISTRICT OF ALABAMA RECEIVED

EASTERN DIVISION          2006 SEP 29 A 11: 27

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CR NO. 3:06CR208-MEF |
| JASON EDWARD COFIELD | * |

## MOTION TO SUPPRESS

COMES NOW the above named Jason Edward Cofield, and through appointed counsel, and pursuant to Federal Rules of Criminal Procedure 12 (b)(C) moves this Honorable Court to suppress any and all evidence seized from the illegal search warrants dated January 24th, 2006 and/or January 27th, 2006 in this matter. As grounds for said Motion to Suppress counsel avers the following;

1. The search warrants above were instructed to search "The residence of Willis "Kenny" Cofield, alias, Brian Cofield, alias, Jason Cofield, alias, and Michael Cofield, alias, which is located at 5766 Lee Road 270, Valley, Lee County, Alabama, and any and all vehicles and/or buildings (above ground and below ground) to include two manufactured homes, which is located within the curtilage of said property."

Mr. Kenny Cofield's residence at 5766 Lee Road 270 and curtilage were searched pursuant to said search warrant. The agents of the government were unable to located evidence to substantiate their reason for the search warrant, which was "any and all evidence related to the unlawful possession, distribution, and/or manufacture of any and all controlled substances as

described under State and/or Federal Laws..."

There were no manufactured homes located within the curtilage of Mr. Kenny Cofield's residence.

Mr. Kenny Cofield is the father of Brian Cofield, Michael Cofield, Jason Cofield, and Kevin Cofield. Mr. Kenny Cofield's residence is fenced in and not a part of the residences of any of his sons neither do any of his sons reside with him at the residence named in the search warrant.

2. After failure to locate evidence from the home of Kenny Cofield the agents moved to the residence of Jason Cofield who resides with his Wife and minor child at 5796 Lee Road 270 Valley, Alabama. No one was home at the residence of Jason Cofield and his family so the agents kicked in the front door and searched the residence without success. They then proceeded to an out building on the property of Jason Cofield and kicked in the door. It was here that the agents discovered three firearms, and in the woods, two allegedly stolen vehicles.

3. Mr. Kenny Cofield's other three sons live as follows; Brian Cofield lives at 5846 Lee Road 270, Valley, Alabama, Michael Cofield lives at Lot 1 Lee Road 148, Opelika, Alabama, Kevin Cofield lives at 5709 Lee Road 270, Valley, Alabama.

4. The agents returned three days later with a new date on the same search warrant again showing the residence located at 5766 Lee Road 270, Valley, Alabama, which is the residence of Mr. Kenny Cofield. His residence was not searched but the agents again searched the residence of Jason Cofield and family without finding evidence to support their search warrant for Kenny Cofield.

5. At no time did these search warrants reflect the address of Jason Cofield or any of his brothers before August 31, 2006. Subsequently, on August 31st, 2006, the agents returned with a

search warrant for Brian Cofield's residence which is 5842 Lee Road 270, Valley, Alabama. Again no evidence was found to support the search warrant.

6. The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."

In general, the curtilage is defined as the area around the home which harbors those intimate activities associated with domestic life and the privacies of the home. UNITED STATES V. DUNN, 480 U.S. 294(1987); UNITED STATES V. HALL, 47 F.3D 1091 (11 Cir. 1995).

The manifest purpose of the particularity requirement of the Fourth Amendment is to prevent general searches. The requirement ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit. MARYLAND V. GARRISON, 480 U.S. 79 (1987)

Physical evidence seized as a result of an unlawful search is generally inadmissible, MAPP V. OHIO, 367 U.S. 643 (1961)

WHEREFORE, counsel moves this Honorable Court to set the matter for the taking of testimony and the introduction of evidence, where after counsel moves this Court to suppress the illegally obtained evidence.

Respectfully submitted this the 29th day of September, 2006.

/s/ Pate DeBardeleben

Pate DeBardeleben, Attorney for the Defendant

2835 Zelda Road, Montgomery, AL 36106

334-213-0609

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the Honorable Verne Speirs by mailing to P.O. Box 197 Montgomery, AL 36101-197 this the 29th day of September, 2006.

*/s/ Pate DeBardeleben*

Pate DeBardeleben