IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

UNITED STATES OF AMERICA            )
                                    )
        v.                          )       CR. NO. 03:06cr208-MEF
                                    )
JASON EDWARD COFIELD                )

RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS

Comes now the United States of America, by and through Leura Garrett Canary, United

States Attorney for the Middle District of Alabama, and hereby requests that this Honorable Court

deny Defendant's Motion to Suppress.  As grounds in support of this Response, the United States

sets forth the following:

FACTS

On January 24, 2006, Lee County deputies executed a duly authorized Alabama search

warrant on the property of four family members all residing at 5766 Lee Road 270, Valley, Lee

County, Alabama.  According to the search warrant, the individuals and places to be searched were:

> The residence of **Willis "Kenny" Cofield**, alias, **Brian Cofield**, alias, **Jason
> Cofield**, alias and **Michael Cofield**, alias, which is **located at 5766 Lee Road 270,
> Valley, Lee County, Alabama**, and any and all vehicles and/or buildings (above
> ground and below ground) to include two manufactured homes, which is located
> within the curtilage of said property.  (Emphasis added). [1]

In his "Application and Affidavit For Search Warrant," Lee County Sheriff's Investigator

Donnie Surrett identified four individuals (all living on the same property) as likely possessing

controlled substances.  Specifically, Investigator Surrett identified Willis "Kenney" Cofield, Brian

---

[1]See Attachment "A."  Notably, Lee County investigators did not search Brian Cofield's
residence or Michael Cofield's residence.  Investigators only searched Willis "Kenny" Cofield's
residence and Jason Cofield's residence.

Cofield, Jason Cofield, and Michael Cofield.  Likewise, Investigator Surrett identified two "manufactured homes" as the primary target of the warrant.  Importantly, Investigator Surrett noted in his application that, "It was determined that the **Cofields' address** is 5766 Lee Road 270, Valley, Lee County, Alabama."

According to Lee County investigators, the entire Cofield family lives on approximately 49 acres of contiguous property in Lee County, Alabama.  The collective address for the Cofield family is 5766 Lee Road 270, Valley, Lee County, Alabama.  Prior to applying for their search warrant, Lee County investigators queried the Alabama Criminal Justice Information Center's ("ACJIC") Law Enforcement Tactical System ("LETS") for current information on Jason Edward Cofield. According to LETS, Jason Edward Cofield's current address was 5766 Lee Road 270, Valley, Lee County, Alabama.

Significantly, Lee County investigators also visited the Lee County Tax Assessor's Office to check registered land descriptions and tax records for individuals residing at 5766 Lee Road 270, Valley, Lee County, Alabama.  Using this information, Lee County investigators confirmed the location of the property and residents thereof.

Based upon this information, and information previously known to Lee County investigators (including previous visits to the Cofield property[2]), the search warrant specified 5766 Lee Road 270, Valley, Lee County, Alabama, as the place to be searched.  The search warrant also identified, by name, all four individuals known to reside there.  Prior to executing the search, Lee County investigators devised an operational plan for the search of the buildings located on the property.

---

[2]According to Lee County Investigators Surrett and Jordan, they have collectively visited the Cofield property approximately 10-15 times prior to the execution of the search warrant.

As a result of this duly authorized and executed search warrant, Lee County investigators searched the Cofield property. During the search of Jason Cofield's residence, law enforcement recovered firearms and stolen vehicles. The recovery of these firearms and stolen vehicles from Jason Cofield's residence led to an additional investigation by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). Based upon ATF's investigation, agents discovered that Jason Cofield was a convicted felon and could not lawfully possess firearms. Furthermore, ATF discovered that the vehicles recovered from Jason Cofield's residence had recently been stolen from the State of Georgia.

Consequently, on August 15, 2006, a two count federal indictment was returned against Jason Cofield. The indictment charged Cofield with being a felon in possession of firearms and possessing stolen motor vehicles that had moved in interstate commerce.

## ANALYSIS

In his motion, Jason Cofield attacks the particularity of the instant warrant. The United States provides this Honorable Court with a discussion of the Fourth Amendment's particularity requirement.

## I. PARTICULARITY OF SEARCH WARRANTS

According to settled law in this Circuit,

A warrant's description of the place to be searched is not required to meet technical requirements or have the specificity sought by conveyancers. The warrant need only describe the place to be searched with sufficient particularity to direct the searcher, to confine his examination to the place described, and to advise those being searched of his authority. An erroneous description of premises to be searched does not necessarily render a warrant valid. See United States v. Burke, 784 F.2d 1090, 1091 (11th Cir. 1986).

Furthermore, "[t]he fourth amendment requires merely that the search warrant describe the

premises in such a way that the searching officer may 'with reasonable effort ascertain and identify the place intended.'" See United States v. Weinstein, 762 F.2d 1522, 1532 (11th Cir. 1985). Finally, "[T]he validity of the warrant must be assessed on the basis of the information that the officers disclosed, or had a duty to discover and disclose, to the issuing Magistrate." See Maryland v. Garrison, 480 U.S. 79, 85 (S.Ct. 1987).

In the case at bar, Lee County authorities sought to search a large area of rural property, inhabited by multiple members of the same family, containing multiple structures. The search warrant specifically identified the property, the individuals who reside on the property, and the type of structures found on the property. Moreover, Lee County authorities, including the investigators who applied for and executed the search warrant, are personally familiar with the Cofields and their property.

In United States v. Gahagan, 865 F.2d 1490 (6th Cir. 1989), the Sixth Circuit was faced with a strikingly similar situation. In Gahagan, Defendants were charged with possessing narcotics after evidence was recovered from a warranted search of their residence. See id. at 1491. Defendants pleaded guilty, but preserved their right to attack the search warrant's particularity. In short, the contested warrant authorized the search of a "rural, large piece of property with multiple dwellings and structures" with four separate dwellings located in the general area. See Gahagan at 1493. According to Defendants, the search warrant was defective because the address listed in the warrant was insufficient to include the structure containing the contraband. See id. Like Cofield, Gahagan claimed the structure with the contraband was a separate area with its own address and the warrant failed to specify it sufficiently. See id. To resolve the issue, the Six Circuit applied a two-part test. According to the Six Circuit:

The test for determining the sufficiency of the description of the place to be searched is whether the place to be searched is described with sufficient particularity as to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premises might be mistakenly searched. <u>See</u> <u>United States v. Gahagan</u>, 865 F.2d 1490, 1496 (6th Cir. 1989); <u>United States v. Gitcho</u>, 601 F.2d 396, 371 (8th Cir.), *cert denied*, 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979). <u>See</u> <u>United States v. Collins</u>, 830 F.2d 145, 146 (9th Cir.1987); <u>United States v. Prout</u>, 526 F.2d 280, 387-88 (5th Cir.), cert. denied, 429 U.S. 840, 97 S.Ct. 114, 50 L.Ed.2d 109 (1976).

More precisely, the components of the test are: (1) whether the place to be searched is described with sufficient particularity as to enable the executing officers to locate and identify the premises with reasonable effort; and (2) whether there is reasonable probability that some other premises may be mistakenly searched. <u>See</u> <u>United States v. Gahagan</u>, 865 F.2d 1490, 1496 (6th Cir. 1989); <u>United States v. Turner</u>, 770 F.2d 1508, 1509 (9th Cir. 1985).

Applying this test, the Sixth Circuit upheld the <u>Gahagan</u> search. First, although the warrant itself did not contain a sufficient description of the exact location containing contraband, the affidavit did. <u>See</u> <u>Gahagan</u> at 1497. Moreover, an affidavit can be relied upon, "in addition to other facts known by the executing officers, to cure the defect in the warrant." <u>See</u> <u>id.</u> According to the Court, the description in the affidavit was sufficient to include the structure containing the contraband. <u>See</u> <u>id.</u> Notably, the Sixth Circuit also cited to the Eleventh Circuit's decision in <u>United States v. Burke</u>, 784 F.2d 1090 (11th Cir.), *cert denied*, 476 U.S. 1174, 106 S.Ct. 2901(1986), for the proposition that courts can take into account facts "known by the executing officer but not specifically stated in the affidavit or warrant to validate a search." <u>See</u> <u>Burke</u> at 784.

Second, the Court found there was no risk that a mistaken search of another premises was possible because of the length of the investigation; and, the agents familiarity with the property.

Importantly, the Court noted the fact that there were no other residences on the property except those described in the affidavit. See Gahagan at 1498-1499.

Based upon this analysis, the Gahagan Court upheld the validity of the search and declined to reach the good faith exception of United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

Applying Gahagan to the case at bar, the search of Jason Cofield's residence should be validated. First, like Gahagan, the Cofield warrant identifies the specific address to be searched, 5766 Lee Road 270, Valley, Lee County, Alabama. However, the face of the Cofield warrant itself provides even greater detail than Gahagan's. Indeed, the Cofield warrant specifies the exact individuals to be searched, Willis "Kenny" Cofield, Brian Cofield, Jason Cofield and Michael Cofield. In addition, the face of the warrant includes a description of the types of structures found on the Cofield property, two manufactured homes.[3]

Second, like Gahagan, Lee County investigators were very familiar with the Cofield property and very unlikely to mistakenly search any other residences. Importantly, their familiarity with the property itself can be considered in evaluating the validity of the warrant. According to their affidavit, investigators developed information over January 2006 linking the Cofield family to the possession or manufacture of methamphetamine, including the strong odor of ammonia (a known component of methamphetamine) emanating from the property. Likewise, investigators also knew

---

[3]Arguably, the Cofield warrant does not appear to specifically incorporate, by reference, Investigator Surrett's affidavit. Likewise, the Gahagan warrant did not "specifically incorporate the affidavit;" yet, the trial judge found the warrant to "cross reference the affidavit." See id. at 1497. Nevertheless, the Eleventh Circuit's decision in United States v. Burke, 784 F.2d 1090 (11th Cir.), cert denied, 476 U.S. 1174, 106 S.Ct. 2901(1986), authorizes courts to take into account facts "known by the executing officer but not **specifically stated in the affidavit or warrant** to validate a search." (Emphasis added).

the scope of the property and the fact that the entire property is inhabited by the Cofield family.

Clearly, investigators knew the exact property to search and could not mistake another large rural

tract of land with any other premises. Exactly like Gahagan, an unauthorized search of another house

was minimal because there were no other homes in the area besides the Cofield homes on the Cofield

family property.

Based upon the fact that Lee County investigators knew the exact identity and location of the

place to be searched; and, the extremely low risk of mistakenly searching the wrong residence,

Cofield's motion to suppress should be denied.

## II.    GOOD-FAITH EXCEPTION

Recently, the Supreme Court reaffirmed its good faith jurisprudence. The most recent case

on the exclusionary rule, Hudson v. Michigan, 126 S.Ct. 2159 (2006), makes clear that the district

court was correct in not applying the exclusionary rule expansively. In Hudson, the Court noted that

"[s]uppression of evidence . . .has always been our last resort, not our first impulse." See id. at 2163.

According to the Court:

> The exclusionary rule generates substantial social costs, which sometimes include setting the
> guilty free and the dangerous at large. We have therefore been cautious against expanding
> it, and have repeatedly emphasized that the rule's costly toll upon truthseeking and law
> enforcement objectives presents a high obstacle for those urging its application. We have
> rejected indiscriminate application of the rule, and have held it to be applicable only where
> its remedial objectives are thought most efficaciously served - that is, where its deterence
> benefits outweigh its substantial social costs. Id. (Quotations, citations, and alterations
> omitted).

Likewise, in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405 (1984), the Supreme Court

addressed the Fourth Amendment's exclusionary rule and the admissibility of evidence obtained by

officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate judge. According to <u>Leon</u>, "suppression of evidence obtained pursuant to a warrant should be ordered only in a case-by-case basis and only in those unusual cases in which exclusion will further the purpose of the exclusionary rule." <u>Leon</u>, 468 U.S. at 918. Furthermore, according to <u>Leon</u>, if the purpose of the exclusionary rule is to "deter unlawful police conduct," then "evidence obtained from a search should be suppressed only if it can be said that the law enforcement officer had knowledge, or may be properly charged with knowledge, that the search was unconstitutional under the Fourth Amendment." <u>See</u> <u>id</u>. at 919.

Importantly, "<u>it is the magistrate's responsibility to determine whether the officer's allegations establish probable cause, and if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment</u>. In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient." <u>See</u> <u>id</u>. at 921 (Emphasis added). Clearly, "penalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations." <u>See</u> <u>id</u>.

Finally, in <u>United States v. Cancela</u>, 812 F.2d 1340 (11th Cir. 1987), the Eleventh Circuit discussed <u>Leon</u> and the applicability of the good faith exception. In <u>Cancela</u>, the Court took a close look at the actions of the police officer in relation to the application for a search warrant. <u>See</u> <u>id</u>. at 1342. The Court, in upholding the validity of the search, emphasized the fact that "there was no pervasive or credible evidence of record that any police officer knowingly acted in bad faith or <u>intentionally misled the magistrate or knowingly or recklessly falsified the affidavit</u> or that the magistrate performed in anything but a neutral and detached jurisprudential function." <u>See</u> <u>id</u>.

Thus, the teaching of the United States Supreme Court and the Eleventh Circuit is that an officer should not be punished with the suppression of evidence if the magistrate committed an error in determining sufficient probable cause. In the case at bar, there is no evidence that Investigator Surrett misled Lee County Circuit Judge Walker or that he falsified the affidavit. According to all the evidence, Investigator Surrett presented reliable facts to Judge Walker about criminal activity at 5766 Lee Road 270, Valley, Lee County, Alabama. Based upon those facts, Judge Walker made the legal determination that probable cause existed to search 5766 Lee Road 270, Valley, Lee County, Alabama. Lee County investigators should not be punished with suppression of evidence they discovered because Judge Walker's determination may have been faulty (though the United States asserts that it was not). "[P]enalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations." United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405 (1984).

There is no evidence, and Cofield does not argue, that Lee County investigators misled Judge Walker, or that they knowingly or recklessly falsified the affidavit. Likewise, there is no evidence, and Cofield does not argue, that Judge Walker issued the warrant in a biased or compromised judicial manner. In the absence of these factors, case law overwhelmingly supports the admissibility of the evidence found in Jason Cofield's possession located at 5766 Lee Road 270, Valley, Lee County, Alabama.

For the reasons stated above, the defendant's motion should be DENIED.

Respectfully submitted this 23rd day of October, 2006.

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

/s/ Verne H. Speirs
VERNE H. SPEIRS
Assistant United States Attorney
1 Court Square, Suite 201
Montgomery, Alabama 36104
(334) 223-7280
(334) 223-7135 Fax
verne.speirs@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 03:06cr208-MEF |
| | ) | |
| JASON EDWARD COFIELD | ) | |

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 23, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Pate DeBardeleben.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

/s/ Verne H. Speirs
VERNE H. SPEIRS
Assistant United States Attorney
1 Court Square, Suite 201
Montgomery, Alabama 36104
(334) 223-7280
(334) 223-7135 Fax
verne.speirs@usdoj.gov

11

# LEE COUNTY SHERIFF'S OFFICE
## APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT

☒     **State of Alabama**

☐     Municipality of             Case #

V

Defendant <u>Willis "Kenny" Cofield, alias, Brian Cofield, alias, Jason Cofield, alias,</u>
<u>Michael Cofield, alias</u>

**State of Alabama**
In the <u>Circuit</u>
Court of <u>Lee</u>
County.
[The City/Town of <u>Opelika</u>]

**TO ANY LAW ENFORCEMENT OFFICER WITHIN THE STATE OF ALABAMA:**

Affidavit in support of application for a search warrant having been made before me, and
the Court's finding that grounds for the issuance exist or that there is probable cause to believe
that they exist, pursuant to Rule 3.8, Alabama Rules of Criminal Procedure, you are ordered and
authorized to forthwith search:

**THE FOLLOWING PERSON/PLACE**     <u>The residence of Willis "Kenny"</u>
<u>Cofield, alias, Brian Cofield, alias, Jason Cofield, alias, and Michael Cofield, alias, which is</u>
<u>located at 5766 Lee Road 270, Valley, Lee County, Alabama, and any and all vehicles and/or</u>
<u>buildings (above ground and below ground) to include two manufactured homes, which is located</u>
<u>within the curtilage of said property.</u>

**FOR THE FOLLOWING PROPERTY**     <u>Any and all evidence related to</u>
<u>the unlawful possession, distribution, and/or manufacture of any and all controlled substances as</u>
<u>described under State and/or Federal Laws, to include, but not limited to; tubing, glassware,</u>
<u>plasticware, acetone, methanol, alcohol, ammonia sulfate, ammonia nitrate, anhydrous ammonia,</u>
<u>pseudoephedrine, ephedrine, dry ice, firearms, United States Currency, sodium metal, lithium</u>
<u>metal, scales, sulfuric acid, muriatic acid, and compressed gas cylinders</u>

And make return of this warrant and an inventory of all property seized there under before me
within  <u>10(ten)</u> days [not to exceed ten (10) days] as required by law.

[_____] This warrant may only be executed

[_____] in the daytime between the hours of
_____ AM/PM, and
_____ AM/PM

[XX] The court finds probable cause to believe that a nighttime search is
necessary, and this warrant may be executed at any time of the day
or night.

ISSUED TO <u>SGT Donnie Surrett/ LCSO</u>(name and agency of officer) at _12 : 57_
o'clock, AM/PM, this the <u>24th</u> day of <u>January</u>, 2006.

_____
Circuit/District Judge

GOVERNMENT'S
EXHIBIT
_A_
PENGAD 800-831-6989

# Lee County Sheriff's Office
## Application and Affidavit For Search Warrant

☒ State of Alabama                    Case Number
☐ Municipality of

v.

Willis "Kenny" Cofield, alias, Brian Cofield, alias, Jason Cofield, alias, Michael Cofield, alias
    Defendant

                              **State of Alabama**
                              in the Circuit
                              Court of Lee
                              County Alabama

Before me, _Judge Jacob H. Walker_ ,the undersigned authority, personally appeared Sergeant Donnie Surrett(name of affiant) who being by me first duly sworn, deposes and says:

During the past six months, the Lee County Sheriff's Office has received information that Jason Cofield, alias, Brian Cofield, alias, and Willis "Kenny" Cofield, alias, were involved in the clandestine manufacture of methamphetamine, as well as the unlawful distribution of methamphetamine. It was determined that the Cofields' address is 5766 Lee Road 270, Valley, Lee County, Alabama.

On January 01, 2006, at approximately 4:38 P.M. CST, Deputy Dale Richards (with the Lee County Sheriff's Office) performed a traffic stop on a white colored Suburban for a traffic violation. The driver was identified as being ~~Jason Cofield~~ alias. Consent to search was given and Deputy Richards located two empty compressed gas cylinders inside of the vehicle. Empty gas cylinders are commonly used in the clandestine manufacture of methamphetamine as a storage apparatus for anhydrous ammonia.

On January 10, 2006, at approximately 11:44 P.M. CST, Deputy Jimmy Sanders (with the Lee County Sheriff's Office) performed a routine traffic stop on a black Pontiac Firebird for a traffic violation. The driver of the vehicle was identified as being ~~Jimmy Cofield~~, alias. Consent to search was given and Deputy Sanders located dry ice inside of the vehicle. Dry ice is commonly used in the clandestine manufacture of methamphetamine by generating anhydrous ammonia. Anhydrous ammonia is a precursor chemical used in the manufacturing process.

On January 19, 2006, Investigator Keith Jordan and members of the United States Attorney's Office conducted an interview on Jimmy Pete McKendree. During this interview, McKendree stated that ~~Jason Cofield~~ was involved in the manufacture of methamphetamine along with ~~Brian Cofield~~. McKendree continued to say that there was a white utility shed on the property that was wired with some type of an explosive.

On January 23, 2006, at approximately 10:30 A.M. CST, a reliable confidential informant was on a piece of property that is near to the Cofields' property. While at this location, this informant was overtaken by a strong odor of ammonia coming from the direction of the ~~Cofields' property~~. Ammonia is a precursor chemical used in the

clandestine manufacture of methamphetamine. This informant continued to say that they continued to smell ammonia for approximately three and a half hours, which is consistent with the clandestine manufacture of methamphetamine. This informant also stated that they have heard gunshots coming from the residence, as well. This informant has provided information to law enforcement in the past which has led to numerous arrests.

Your Affiant believes that there is sufficient probable cause to believe and does believe that methamphetamine is being manufactured and distributed from 5766 Lee Road 270, Valley, Lee County, Alabama. Your Affiant additionally requests that a "no-knock" search warrant is prudent and necessary for the safety of all the Officers involved.

Signature of Affiant
LCSO/SGT
Agency and Title

Sworn to and Subscribed before
me this the 24th day of January,2006.

Circuit/District Judge