IN THE UNITED STATES DISTRICT COURT FOR

THE MIDDLE DISTRICT OF ALABAMA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CR. NO. 3:06CR208-MEF |
| JASON EDWARD COFIELD | * |

**BRIEF IN SUPPORT OF MOTION TO SUPPRESS**

COMES NOW the above named Jason Edward Cofield, through appointed counsel, and pursuant to Court Order does submit the following brief in support of Jason Edward Cofield's Motion to Suppress;

1. A hearing was held on Friday October 27, 2006 in the Court of Judge John Coody.

2. Testimony from Mr. Kenny Cofield, Jason's father, and Amy Cofield, Jason's wife established that;

　　a. A search warrant was issued on 1-24-06 to search the residence of Willis "Kenny" Cofield, alias, Brian Cofield, alias, Jason Cofield, alias, and Michael Cofield, alias which is located at 5766 Lee Road 270, Valley, Lee County, Alabama, and any and all vehicles and/or buildings (above ground and below ground) to include two manufactured homes, which is located within the curtilage of said property.

　　b. Mr. Kenny Cofield's residence was searched for four hours on 1-24-06 pursuant to the search warrant. Also, Mr. Kenny Cofield's two outbuilding were searched. There was no evidence of criminal activity located at the home.

  c. After Mr. Kenny Cofield's residence was searched the agents proceeded to the home of Mr. Jason Cofield located at 5796 Lee Road 270, Valley, Alabama. No one was home so the door was kicked in to gain access. The agents had previously spend four hours in the home of Mr. Kenny Cofield before searching Mr. Jason Cofield's home. Ms. Amy Cofield had been stopped at the entrance and had not been allowed access to her home. No attempt was made to correct or issue a new search warrant for Mr. Jason Cofield's residence. Amy Cofield testified and exhibits were introduced that showed that Mr. Jason Cofield and Amy Cofield received mail at their residence and that there was a separately numbered and named mailbox for Kenny, Kevin, and Jason Cofield, and an unnamed but numbered mailbox for Bryan Cofield.

  d. Testimony and exhibits were introduced establishing that Mr. Kenny Cofield's property was fenced in, and that the property of each of his family members had been surveyed by David H. Miller and had been portioned into six parcels of land from the land of Jeanette Cofield, the deceased mother of Kenny Cofield.

  e. Two subsequent search warrants were issued wherein Jason and Amy Cofield's home was again searched in spite of the warrants not reflecting the address of Jason and Amy Cofield. A third subsequent search warrant was issued to search the residence of Bryan Cofield showing Bryan's proper address.

  3. The government called Investigator Donnie Surrett and he testified as follows;

  a. That Mr. Kenny Cofield's property had a fence around it.

  b. That he did not check with the United States Post Office to secure an address for Jason and Amy Cofield.

  c. That he was not sure where Jason Cofield lived, nor did he know who lived in the mobile home occupied by Jason and Amy Cofield, nor did he know if Michael Cofield had a

home in the area.

    d. That he did not search Bryan Cofield's residence on 1-24-06 because there was a fence around his home.

    e. That he knew that there were mail boxes on the road in front of the property but did not remember all of them.

    f. That he had no answer for the Court why he did not tell the issuing Judge that all the alias's in the warrant were the sons of Kenny Cofield.

## ARGUMENT

The Search Warrant and affidavit refer to Kenny, Brian, Jason, and Michael all being "aliases". The issuing Judge would assume that all individuals were the same person as there was no explanation to the Judge that Brian, Jason, and Michael were the sons of Kenny Cofield.

Investigator Donnie Surrett testified that he knew that the individuals were separate people as he has been investigating them for four years. He testified that he was not sure where Jason Cofield lived and his answer to the Court as to why he was authorized to search Jason Cofield's trailer was " Because it was at 5766 County Road 270".

A search warrant is invalid if a defendant make a "substantial showing" by a "preponderance of the evidence" of the following facts: (1) A false statement was included in the affidavit by the affiant; (2) The false statement was necessary to find probable cause; and (3) The affiant knowingly or recklessly included that false statement. FRANKS V. DELAWARE, 438 U.S. 154 (1978)  Investigator Donnie Surrett recklessly included the false statement of aliases, and omitted any other address than that of Kenny Cofield in his affidavit to support the search warrant. He makes it appear that either all persons named are the same person or that they all live at the address named in the warrant.

A warrant must describe with reasonable certainly the place to be searched and the items to be seized. In cases where the warrant authorized a search of only one apartment in a multi-apartment structure, the warrant must specify the apartment itself (e.g., "Apartment 204"). Listing only the address of the apartment building is not sufficiently precise. MARYLAND V. GARRISON, 480 U.S. 79 (1987), MARRON V UNITED STATES, 275 U.S. 192 (1927). The warrant in the instant case never described or identified the address of Jason Cofield's home, i.e. 5796 Lee Road 270, Valley, Alabama, and Investigator Surrett testified that he did not know where Jason lived.

In sum "the test for determining the sufficiency of the description of the place to be searched is whether the place to be searched is described with sufficient particularity as to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premises might be mistakenly searched." UNITED STATES V GITCHO, 601 F.2d 369, 371 (8th Cir.), cert. denied, 444 U.S. 871, 100 S.Ct. 148, 62 L. Ed.2d 96 (1979). By Investigator Surrett's own admission he did not know if Jason Cofield lived in the mobile home at 5796 Lee Road 270, Valley, Alabama.

Mr. Kenny Cofield's home and curtilage of his home were searched for four hours including his two outbuildings. Mr. Kenny Cofield's home was fenced in. His home was so secured by trees that Investigator Surrett did not know if the home was a mobile home or an on site build home. The curtilage of a dwelling house depends on four factors: (1) the proximity of the area claimed to be curtilage to the home; (2) the nature of the uses to which the area is put; (3) whether the area is included within an enclosure surrounding the home; and (4) the steps the resident takes to protect the area from observation. UNITED STATES V. DUNN, 480 U.S. 294 (1987); UNITED STATES V. HALL, 47 F.3d 1091 (11th Cir. 1995). The search of Jason

Cofield's home was outside the curtilage of the home of Kenny Cofield.

WHEREFORE, based on the totality of the circumstances the Defendant prays this Honorable Court will suppress the illegally obtained evidence.

Respectfully submitted this the 6th day of November, 2006.

_____

Pate DeBardeleben, Attorney for Jason Cofield

DEB008

2835 Zelda Road, Montgomery, AL 36106

334-213-0609

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the Honorable Verne Speirs by mailing to P.O. Box 197, Montgomery, AL 36101-0197 this the 6th day of November, 2006.

_____

Pate DeBardeleben