IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 03:06cr208-MEF |
| | ) | |
| JASON EDWARD COFIELD | ) | |

SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO SUPPRESS

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and hereby submits to this Honorable Court supplemental authority addressing issues raised, sua sponte, by this Honorable Court on October 27, 2006, regarding the January 24, 2006, search of Jason Cofield's residence.

FACTS

On January 24, 2006, Lee County deputies executed a duly authorized Alabama search warrant on the property identified as 5766 Lee Road 270, Valley, Lee County, Alabama. According to the search warrant, the individuals and places to be searched were:

> The residence of **Willis "Kenny" Cofield**, alias, **Brian Cofield**, alias, **Jason Cofield**, alias, and **Michael Cofield**, alias, which is **located at 5766 Lee Road 270, Valley, Lee County, Alabama**, and any and all vehicles and/or buildings (above ground and below ground) to include two manufactured homes, which is located within the curtilage of said property. (Emphasis added).

In his "Application and Affidavit For Search Warrant," Lee County Sheriff's Investigator Donnie Surrett identified four individuals (all living on the same property) as likely possessing controlled substances. Specifically, Investigator Surrett identified Willis "Kenny" Cofield, Brian Cofield, Jason Cofield, and Michael Cofield. Likewise, Investigator Surrett identified two "manufactured homes" as the primary target of the warrant. Importantly, Investigator Surrett noted

in his application that, "It was determined that the **Cofields' address** is 5766 Lee Road 270, Valley, Lee County, Alabama."

According to Lee County investigators, the entire Cofield family lives on approximately 49 acres or more of contiguous property in Lee County, Alabama. Prior to applying for their search warrant, Lee County investigators queried the Alabama Criminal Justice Information Center's ("ACJIC") Law Enforcement Tactical System ("LETS") for current information on Jason Edward Cofield. According to LETS, Jason Edward Cofield's current address was 5766 Lee Road 270, Valley, Lee County, Alabama. In addition to LETS, Lee County investigators also queried their own internal database system known as "Bloodhound." The Bloodhound query identified 5766 Lee Road 270, Valley, Lee County, Alabama, as the proper address for the individuals listed in the search warrant.

Significantly, Lee County investigators also visited the Lee County Tax Assessor's Office to check registered land descriptions and tax records for individuals residing at 5766 Lee Road 270, Valley, Lee County, Alabama. Using this information, Lee County investigators confirmed the location of the property and residents thereof.

Based upon this information, and information previously known to Lee County investigators (including previous visits to the Cofield property), the search warrant specified 5766 Lee Road 270, Valley, Lee County, Alabama, as the place to be searched. The search warrant also identified, by name, all four individuals known to reside there. Prior to executing the search, Lee County investigators devised an operational plan for the search of the buildings located on the property. The operation plan called for at least 40 law enforcement agents to participate in the search. **During the operational briefing, Investigator Surrett instructed all members of the search teams that**

**searches of any structures would be conducted simultaneously. Indeed, during the search of the Cofield property, Kenny Cofield's home was searched simultaneously with the search of Jason Cofield's manufactured home.**[1]

As a result of this duly authorized and executed search warrant, Lee County investigators searched the Cofield property. During the search of Jason Cofield's residence, law enforcement recovered firearms and stolen vehicles. The recovery of these firearms and stolen vehicles from Jason Cofield's residence led to an additional investigation by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). Based upon ATF's investigation, agents discovered that Jason Cofield was a convicted felon and could not lawfully possess firearms. Furthermore, ATF discovered that the vehicles recovered from Jason Cofield's residence had recently been stolen from the State of Georgia.

Consequently, on August 15, 2006, a two count federal indictment was returned against Jason Cofield. The indictment charged Cofield with being a felon in possession of firearms and possessing stolen motor vehicles that had moved in interstate commerce.

On September 29, 2006, Cofield filed his motion to suppress evidence secured via the January 24, 2006, search warrant. Specifically, Cofield attacked the particularity of the warrant. In his motion to suppress, Cofield never attacked the sufficiency of the probable cause to search the Cofield property. Moreover, Cofield never suggested that Investigator Surrett, in his search warrant

---

[1] The United States fears that the Court is under the misapprehension that the search of Jason Cofield's trailer was **consecutive** to the search of Kenny Cofield's home. In fact, as Investigator Surrett testified, the search of Kenny "Willis" Cofield's house and the search of Jason Cofield's trailer were **simultaneous** searches conducted by independent search teams. According to Investigator Surrett's testimony, "The briefing said to go to the trailer and the house at the same time and execute the search warrant." See October 27, 2006, transcript p. 112, Ln. 5-7.

application or affidavit intentionally falsified or intentionally misled Lee County Circuit Judge Walker. Likewise, Cofield's motion fails to suggest that Lee County Circuit Judge Walker abandoned his judicial function in authorizing the search of 5766 Lee Road 270, Valley, Lee County, Alabama.

Sua sponte, this Honorable Court seeks briefing on three issues regarding the January 24, 2006, search. First, a law enforcement officer's duty to report new or correcting information to the issuing magistrate; second, the applicability of Franks v. Delaware, 438 U.S. 154 (1978) to information contained in the search warrant; and third, the particularity of a warrant in the light of all information known by the search warrant affiant.

## ANALYSIS

### I. DUTY TO REPORT NEW OR CORRECTING INFORMATION

In his application and affidavit for search warrant, Investigator Surrett specifically identified:

The residence of Willis "Kenny" Cofield, alias, Brian Cofield, alias, Jason Cofield, alias and Michael Cofield, alias, which is located at 5766 Lee Road 270, Valley, Lee County, Alabama, and any and all vehicles and/or buildings (above ground and below ground) to include two manufactured homes, which is located within the curtilage of said property.

After arriving on the Cofield property, Investigator Surrett discovered that Willis "Kenny" Cofield lived in a house, not a manufactured home. Moreover, contrary to his operational map, only a single manufactured home appeared to be within the limits of the warrant.[2] Therefore, Investigator Surrett limited his search to Willis "Kenny" Cofield's home and sheds, and to Jason Cofield's manufactured home and sheds. Despite discovering arguable discrepancies, Investigator Surrett did

---

[2] According to Investigator Surrett's testimony, once he arrived on the Cofield property, he limited any search to those areas that were not fenced or did not otherwise appear to fall within the confines of the warrant.

not return to Lee County Circuit Judge Walker to either correct the warrant or secure a new warrant for Willis "Kenny" Cofield or Jason Cofield.

In <u>United States v. Marin-Buitrago</u>, 734 F.2d 889 (2nd Cir. 1984), the Second Circuit had an opportunity to address a similar situation. In <u>Marin-Buitrago</u>, federal agents applied for a search warrant to look for narcotics. <u>See id.</u> at 891. Critical to the probable cause to search the particular place was the identification of an individual believed to reside at the targeted location. <u>See id</u>. After securing the warrant, but prior to its execution, agents learned of conflicting information within their warrant. <u>See id</u>. Specifically, agents discovered the identity of an individual living at the targeted residence was likely not the same person identified in their affidavit. <u>See id</u>. at 892.

Despite making this discovery, agents executed their search warrant without first revisiting the issuing magistrate to correct any discrepancies in their search warrant affidavit. <u>See id</u>. Upon searching the targeted location, agents recovered narcotics and cash. <u>See id</u>. Prior to trial, the defendants sought to suppress the evidence based upon the fact that the agents failed to apprise the issuing magistrate of any discrepancies within the affidavit. The trial court declined to suppress the evidence. <u>See id</u>. at 893.

Upon appellate review, the Second Circuit upheld the trial court's decision not to suppress the evidence. The Second Circuit reasoned:

> [W]hen a definite and material change has occurred in the facts underlying the magistrate's determination of probable cause, it is the magistrate, not the executing officer, who must determine whether probable cause still exists. Therefore, the magistrate must be made aware of any material new or correcting information. **The duty to report new or correcting information to the magistrate does not arise unless the information is material to the magistrate's determination of probable cause.** (Emphasis added). See <u>Marin-Buitrago</u> at 894.

Importantly, the Second Circuit specifically noted that facts omitted from a warrant affidavit are not material unless they cast doubt on the existence of probable cause. See id. at 895. Ultimately, the Second Circuit upheld the search because no deficiency in the warrant, or the addition of new information, would have affected the probable cause determination. In reaching this conclusion, the Second Circuit considered United States v. Thomas, 489 F.2d 664 (5th Cir. 1973), *cert. denied*, 423 U.S. 844, 96 S.Ct. 79, 46 L.Ed.2d 64 (1975), and United States v. Young Buffalo, 591 F.2d 506, 511-12 (9th Cir.), *cert. denied* 441 U.S. 950 (1979). In both of these cases, affidavits recounted inaccurate information. Nevertheless, the warrants were upheld because the inaccuracies were not fatal to finding probable cause. See Marin-Buitrago at 895.

In the case at bar, Cofield has never attacked the sufficiency of the probable cause identified in the search warrant affidavit. Indeed, no discrepancies in Investigator Surrett's description of the places to be searched impugn Judge Walker's probable cause determination. Although it is settled law that the police must report new or correcting information, that duty does not arise "unless the information is material to the magistrate's determination of probable cause." See Marin-Buitrago at 894. Applying Marin-Buitrago, Investigator Surrett had no duty to return to Judge Walker because none of the discrepancies contained on the face of the warrant were material to Judge Walker's probable cause determination. In fact, the United States presented testimony that Judge Walker's only concern with the warrant was whether Lee County law enforcement needed to knock and announce their presence.

Moreover, when courts evaluate a warrant, it is enough if the description is such that the officer with a search warrant can, with reasonable effort, ascertain and identify the place intended. See Steele v. United States, 267 U.S. 498 (1925); United States v. Weinstein, 762 F.2d 1522 (11th

Cir. 1985). And, it is not fatal to a search warrant if the address listed is erroneous if the description in the search warrant otherwise accurately describes the place to be searched. See United States v. Burke, 784 F.2d 1090 (11th Cir. 1986). Applying these rules, Investigator's Surrett's description of the Cofield property was not intentionally reckless or misleading. Surrett sought to search a large rural tract of land with numerous structures and multiple individuals living on the property. Although Surrett had never been beyond the Cofield gate, he knew exactly where the property was located. Supplementing his personal knowledge, Surrett checked law enforcement databases, previous aerial photographs and county tax records. All of Surrett's information indicated 5766 Lee Road 270, Valley, Lee County, Alabama, as the proper address to execute the warrant.

Simply stated, there is no evidence that Investigator Surrett was intentionally misleading or reckless in the execution of the warrant. Rather, all evidence points to his review of multiple sources to verify Cofield's address. Finally, even if Surrett's warrant had discrepancies, he had no duty to return to the magistrate because nothing on the face of the warrant impugned Judge Walker's probable cause determination.

## II. APPLICABILITY OF FRANKS v. DELAWARE

In Franks v. Delaware, 438 U.S. 154 (1978), the Supreme Court considered the issue of whether a defendant in a criminal proceeding has the right, under the Fourth and Fourteenth Amendments, to challenge the truthfulness of factual statements made in the affidavit supporting a warrant. The Court held that, where the defendant makes a substantial preliminary showing that an affiant knowingly and intentionally included false statements in an affidavit, or made the false statement with reckless disregard for the truth, and the false statement was necessary to the finding of probable cause, then constitutional mandate requires that a hearing be held at the defendant's

request. However, insignificant and immaterial misrepresentations or omissions will not invalidate a warrant. See United States v. Reid, 69 F.3d 1109 (11th Cir. 1995); United States v. Glinton, 154 F.3d 1245 (11th Cir. 1998); United States v. Jenkins, 901 F.2d 1075 (11th Cir. 1990).

In the case at bar, Cofield never attacked Investigator Surrett's warrant application or affidavits with allegations of intentional falsehood or reckless disregard for the truth. Rather, Cofield limited his attack to the particularity requirement of the Fourth Amendment. Likewise, at the October 27, 2006, suppression hearing, Cofield never made any showing that Investigator Surrett knowingly and intentionally made a false statement in his affidavit, or made a false statement with reckless disregard for the truth. Beyond failing to make this substantial preliminary showing, no alleged deficiencies impugn Judge Walker's probable cause determination. Indeed, the gravamen of the October 27, 2006, hearing was dissecting the description of the place to be searched, not the probable cause to search it.

Upon failing to make a substantial preliminary showing of any knowing and intentional falsehood or reckless disregard for the truth, Franks v. Delaware has no application to the case at bar.

Nevertheless, after considerable research, United States v. Ellis, 971 F.2d 701 (11th Cir. 1992), appears to be the most instructive case in this circuit regarding potentially "reckless" descriptions within search warrants. According to Ellis, the police were directed by a search warrant to the wrong location. The officers did not know the correct address, so they simply asked the occupant at the wrong address about the suspect's location and followed his advice. See id. at 702, 703. According to the Eleventh Circuit, this scenario failed the particularity requirement and merely asking the occupant at the wrong address where the defendant lived did not amount to a good faith execution of a defective warrant. See id. Importantly, the Ellis warrant had three critical errors.

First, the warrant had no specific address of the target location, only a vague description of places to search. Second, the name of the individual thought to live at the target location appeared nowhere on the warrant or affidavit. Finally, the officers charged with executing the warrant had never previously been to, or seen, the target location. See Ellis at 703, 704. Based upon these factors, the Eleventh Circuit invalidated the warrant and refused to rely upon the good-faith exception. Critically, the Eleventh Circuit refused to apply the good-faith exception because the individual with personal knowledge of the place to be searched did not participate in the execution of the warrant. See id.

Cofield is easily distinguishable. First, the Cofield warrant contained a specific address researched by the affiant via the Law Enforcement Tactical System, the Lee County "Bloodhound" system, and supplemented with personal knowledge. Second, the names of all individuals believed to reside at the specific address are listed on the warrant. Finally, Investigator Surrett knew exactly where the property was located, and he personally led the warrant's execution. Critically, any rationale for refusing to apply the good-faith exception to the Cofield warrant is absent because Investigator Surrett personally led the search team. See Massachusetts v. Sheppard, 468 U.S. 981 (1984); United States v. Bonner, 808 F.2d 864 (1st Cir. 1986), *cert. denied*, 481 U.S. 1006 (1987); United States v. Curry, 911 F.2d 72 (8th Cir. 1990).

### III.   PARTICULARITY OF SEARCH WARRANTS

According to settled law in this Circuit,

> A warrant's description of the place to be searched is not required to meet technical requirements or have the specificity sought by conveyancers. The warrant need only describe the place to be searched with sufficient particularity to direct the searcher, to confine his examination to the place described, and to advise those being searched of his authority. An

erroneous description of premises to be searched does not necessarily render a warrant valid. See United States v. Burke, 784 F.2d 1090, 1091 (11th Cir. 1986).

Furthermore, "[t]he fourth amendment requires merely that the search warrant describe the premises in such a way that the searching officer may 'with reasonable effort ascertain and identify the place intended.'" See United States v. Weinstein, 762 F.2d 1522, 1532 (11th Cir. 1985). Finally, "[T]he validity of the warrant must be assessed on the basis of the information that the officers disclosed, or had a duty to discover and disclose, to the issuing Magistrate." See Maryland v. Garrison, 480 U.S. 79, 85 (S.Ct. 1987).

In the case at bar, Lee County authorities sought to search a large area of rural property, inhabited by multiple members of the same family, containing multiple structures. The search warrant specifically identified the property, the individuals who reside on the property, and the type of structures found on the property. Moreover, Lee County authorities, including the investigators who applied for and executed the search warrant, are personally familiar with the Cofields and their property.

In United States v. Gahagan, 865 F.2d 1490 (6th Cir. 1989), the Sixth Circuit was faced with a strikingly similar situation. In Gahagan, Defendants were charged with possessing narcotics after evidence was recovered from a warranted search of their residence. See id. at 1491. Defendants pleaded guilty, but preserved their right to attack the search warrant's particularity. In short, the contested warrant authorized the search of a "rural, large piece of property with multiple dwellings and structures" with four separate dwellings located in the general area. See Gahagan at 1493. According to Defendants, the search warrant was defective because the address listed in the warrant was insufficient to include the structure containing the contraband. See id. Like Cofield, Gahagan

10

claimed the structure with the contraband was a separate area with its own address and the warrant failed to specify it sufficiently. See id. To resolve the issue, the Sixth Circuit applied a two-part test. According to the Sixth Circuit:

> The test for determining the sufficiency of the description of the place to be searched is whether the place to be searched is described with sufficient particularity as to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premises might be mistakenly searched. See United States v. Gahagan, 865 F.2d 1490, 1496 (6th Cir. 1989); United States v. Gitcho, 601 F.2d 396, 371 (8th Cir.), *cert denied*, 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979). See United States v. Collins, 830 F.2d 145, 146 (9th Cir.1987); United States v. Prout, 526 F.2d 280, 387-88 (5th Cir.), *cert. denied*, 429 U.S. 840, 97 S.Ct. 114, 50 L.Ed.2d 109 (1976).

More precisely, the components of the test are: (1) whether the place to be searched is described with sufficient particularity as to enable the executing officers to locate and identify the premises with reasonable effort; and (2) whether there is reasonable probability that some other premises may be mistakenly searched. See United States v. Gahagan, 865 F.2d 1490, 1496 (6th Cir. 1989); United States v. Turner, 770 F.2d 1508, 1509 (9th Cir. 1985).

Applying this test, the Sixth Circuit upheld the Gahagan search. First, although the warrant itself did not contain a sufficient description of the exact location containing contraband, the affidavit did. See Gahagan at 1497. Moreover, an affidavit can be relied upon, "in addition to other facts known by the executing officers, to cure the defect in the warrant." See id. According to the Court, the description in the affidavit was sufficient to include the structure containing the contraband. See id. Notably, the Sixth Circuit also cited to the Eleventh Circuit's decision in United States v. Burke, 784 F.2d 1090 (11th Cir.), *cert denied*, 476 U.S. 1174, 106 S.Ct. 2901(1986), for the proposition that courts can take into account facts "known by the executing officer but not specifically stated in the affidavit or warrant to validate a search." See Burke at 784.

11

Second, the Court found there was no risk that a mistaken search of another premises was possible because of the length of the investigation and the agent's familiarity with the property. Importantly, the Court noted the fact that there were no other residences on the property except those described in the affidavit. See Gahagan at 1498-1499.

Based upon this analysis, the Gahagan Court upheld the validity of the search and declined to reach the good faith exception of United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

Applying Gahagan to the case at bar, the search of Jason Cofield's residence should be validated. First, like Gahagan, the Cofield warrant identifies the specific address to be searched, 5766 Lee Road 270, Valley, Lee County, Alabama. However, the face of the Cofield warrant itself provides even greater detail than Gahagan's. Indeed, the Cofield warrant specifies the exact individuals to be searched, Willis "Kenny" Cofield, Brian Cofield, Jason Cofield, and Michael Cofield.[3]

Second, like Gahagan, Lee County investigators were very familiar with the location of the Cofield property and very unlikely to mistakenly search any other residences. Importantly, their familiarity with the property itself can be considered in evaluating the validity of the warrant. According to their affidavit, investigators developed information over January 2006 linking the Cofield family to the possession or manufacture of methamphetamine, including the strong odor of

---

[3] Arguably, the Cofield warrant does not appear to specifically incorporate, by reference, Investigator Surrett's affidavit. Likewise, the Gahagan warrant did not "specifically incorporate the affidavit;" yet, the trial judge found the warrant to "cross reference the affidavit." See id. at 1497. Nevertheless, the Eleventh Circuit's decision in United States v. Burke, 784 F.2d 1090 (11th Cir.), *cert denied*, 476 U.S. 1174, 106 S.Ct. 2901(1986), authorizes courts to take into account facts "known by the executing officer but not **specifically stated in the affidavit or warrant** to validate a search." (Emphasis added).

12

ammonia (a known component of methamphetamine) emanating from the property. Likewise, investigators also knew the scope of the property and the fact that the entire property is inhabited by the Cofield family. Clearly, investigators knew the exact property to search and could not mistake another large rural tract of land with any other premises. Exactly like Gahagan, an unauthorized search of another house was minimal because there were no other homes in the area besides the Cofield homes on the Cofield family property.

Based upon the fact that Lee County investigators knew the exact identity and location of the place to be searched and the extremely low risk of mistakenly searching the wrong residence, Cofield's motion to suppress should be denied.

### IV.    GOOD-FAITH EXCEPTION

Recently, the Supreme Court reaffirmed its good faith jurisprudence. The most recent case on the exclusionary rule, Hudson v. Michigan, 126 S.Ct. 2159 (2006), makes clear that the district court was correct in not applying the exclusionary rule expansively. In Hudson, the Court noted that "[s]uppression of evidence . . .has always been our last resort, not our first impulse." See id. at 2163. According to the Court:

> The exclusionary rule generates substantial social costs, which sometimes include setting the guilty free and the dangerous at large. We have therefore been cautious against expanding it, and have repeatedly emphasized that the rule's costly toll upon truthseeking and law enforcement objectives presents a high obstacle for those urging its application. We have rejected indiscriminate application of the rule, and have held it to be applicable only where its remedial objectives are thought most efficaciously served - that is, where its deterrence benefits outweigh its substantial social costs. Id. (Quotations, citations, and alterations omitted).

Likewise, in <u>United States v. Leon</u>, 468 U.S. 897, 104 S.Ct. 3405 (1984), the Supreme Court addressed the Fourth Amendment's exclusionary rule and the admissibility of evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate judge. According to <u>Leon</u>, "suppression of evidence obtained pursuant to a warrant should be ordered only in a case-by-case basis and only in those unusual cases in which exclusion will further the purpose of the exclusionary rule." <u>Leon</u>, 468 U.S. at 918. Furthermore, according to <u>Leon</u>, if the purpose of the exclusionary rule is to "deter unlawful police conduct," then "evidence obtained from a search should be suppressed only if it can be said that the law enforcement officer had knowledge, or may be properly charged with knowledge, that the search was unconstitutional under the Fourth Amendment." <u>See id</u>. at 919.

Importantly, "<u>it is the magistrate's responsibility to determine whether the officer's allegations establish probable cause, and if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment</u>. In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient." <u>See id</u>. at 921 (Emphasis added). Clearly, "penalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations." <u>See id</u>.

Finally, in <u>United States v. Cancela</u>, 812 F.2d 1340 (11th Cir. 1987), the Eleventh Circuit discussed <u>Leon</u> and the applicability of the good faith exception. In <u>Cancela</u>, the Court took a close look at the actions of the police officer in relation to the application for a search warrant. <u>See id</u>. at 1342. The Court, in upholding the validity of the search, emphasized the fact that "there was no pervasive or credible evidence of record that any police officer knowingly acted in bad faith or

intentionally misled the magistrate or knowingly or recklessly falsified the affidavit or that the magistrate performed in anything but a neutral and detached jurisprudential function." See id.

Thus, the teaching of the United States Supreme Court and the Eleventh Circuit is that an officer should not be punished with the suppression of evidence if the magistrate committed an error in determining sufficient probable cause. In the case at bar, there is no evidence that Investigator Surrett misled Lee County Circuit Judge Walker or that he falsified the affidavit. According to all the evidence, Investigator Surrett presented reliable facts to Judge Walker about criminal activity at 5766 Lee Road 270, Valley, Lee County, Alabama. Based upon those facts, Judge Walker made the legal determination that probable cause existed to search 5766 Lee Road 270, Valley, Lee County, Alabama. Lee County investigators should not be punished with suppression of evidence they discovered because Judge Walker's determination may have been faulty (though the United States asserts that it was not). "[P]enalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations." United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405 (1984).

There is no evidence, and Cofield does not argue, that Investigator Surrett misled Judge Walker, or that he knowingly or recklessly falsified the affidavit. Likewise, there is no evidence, and Cofield does not argue, that Judge Walker issued the warrant in a biased or compromised judicial manner. In the absence of these factors, case law overwhelmingly supports the admissibility of the evidence found in Jason Cofield's possession located at 5766 Lee Road 270, Valley, Lee County, Alabama.

For the reasons stated above, the defendant's motion should be DENIED.

Respectfully submitted this 6th day of November, 2006.

                LEURA G. CANARY
                UNITED STATES ATTORNEY

                /s/ Verne H. Speirs
                VERNE H. SPEIRS
                Assistant United States Attorney
                1 Court Square, Suite 201
                Montgomery, Alabama 36104
                (334) 223-7280
                (334) 223-7135 Fax
                verne.speirs@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 03:06cr208-MEF |
| | ) | |
| JASON EDWARD COFIELD | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Pate DeBardeleben.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Verne H. Speirs
VERNE H. SPEIRS
Assistant United States Attorney
1 Court Square, Suite 201
Montgomery, Alabama 36104
(334) 223-7280
(334) 223-7135 Fax
verne.speirs@usdoj.gov