IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:06cr208-MEF |
| | ) | |
| JASON EDWARD COFIELD | ) | |

PROFFER OF AND NOTICE
OF INTENT TO USE 404(b) EVIDENCE

Comes now the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and notices its intent to introduce evidence of other crimes, wrongs, and acts committed by the defendant, Jason Cofield. The below-listed acts meet the standard set forth in United States v. Beechum, 582 F.2d 898 (5th Cir. 1978). As grounds, the United States sets forth the extrinsic evidence and the law as follows:

THE ACTS

Jason Cofield is charged with being a felon in possession of a firearm. The United States expects the defendant to argue lack of intent to possess the firearm charged in the indictment. Consequently, at the trial of this case, the Government intends to offer the following evidence: On June 6, 1999, Jason Cofield was stopped for a traffic violation in Forsyth County, Georgia. During the Georgia traffic stop, a Forsyth County Sheriff's Deputy noticed a "bulge" in Cofield's pocket. Cofield was asked if he had any weapons on his person and Cofield produced a knife plus three to four thousand dollars cash. Shortly after discovering the cash, Cofield gave Deputies

consent to search his vehicle. First, Deputies removed Cofield's passenger, Diane Henderson. Diane Henderson admitted to Deputies that a firearm was under the drivers seat; thereafter, deputies located a loaded .22 caliber pistol between the seats. Henderson claimed the firearm belonged to her. In addition to the firearm, Deputies located approximately 80 grams of methamphetamine, drug paraphernalia and approximately three thousand one hundred twenty eight dollars ($3,128.00) in United States currency. Subsequent to this discovery, Cofiled and Henderson were arrested and transported to the sheriff's department for processing.

Importantly, while processing Jason Cofield, law enforcement recovered a loaded .22 caliber pistol and five rounds of .22 caliber ammunition affixed to Jason Cofield's belt buckle. According to Cofiled, he did not know the gun was "real." Later in 1999, Cofiled was charged was trafficking methamphetamine, possession of a firearm during commission of a felony, and possession of a knife during the commission of a felony. On October 16, 2001, pursuant to a plea agreement, Cofield was convicted in the State of Georgia for trafficking in methamphetamine.

Important to the case at bar, Cofield's 1999 possession of a .22 caliber pistol and ammunition affixed to his own belt buckle will rebut any defense argument minimizing defendant's intent to possess the firearms charged in the instant case.[1]

---

[1] The United States does not intent to elicit testimony regarding Cofield's 1999 possession of methamphetamine. Rather, the United States will limit its testimony to Cofield's possession of the .22 caliber pistol and ammunition affixed to his belt buckle.

## THE RULE

Rule 404(b), Federal Rules of Evidence provides:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Such evidence is not admitted automatically; the trial court must determine whether the probative value of such evidence is outweighed by the danger of unfair prejudice. Furthermore, the standard of admissibility varies depending upon the purpose for which the evidence is offered. For example, other acts may be admissible for one purpose (such as intent), but may not meet the standard of admissibility if offered for another purpose (such as identity). United States v. Beechum, 582 F.2d 989 (5th Cir. 1978).

## INTENT

The en banc decision United States v. Beechum, 582 F.2d 898 (5th Cir. 1978), sets forth the requirements for admissibility of other acts evidence in the Fifth and Eleventh Circuits. A two-step analysis is used to determine admissibility:

> First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403.

Beechum, at 911. This two-part analysis involves several separate inquiries, both into the issue sought to be proved and into the nature of the extrinsic offense evidence offered.

3

The standard set forth in Beechum has been developed further in the Eleventh Circuit's decision in United States v. Simon, 839 F.2d 1461, 1471 (11th Cir.) cert. denied, 488 U.S. 861, 109 S.Ct. 158, 102 L.Ed.2d 129 (1988). Under Simon, the government is required to demonstrate:

> (1) a proper purpose for introducing the evidence, (2) that the prior act occurred and that the defendant was the actor, and (3) that the probative value of introducing the evidence outweighs any prejudicial effect the evidence might have.

Simon, as cited in United States v. Perez-Garcia, No. 88-6159, slip op. at 3627, 3638 (11th Cir. July 10, 1990). Except for the second element listed in Simon, the Simon elements are identical to the elements set forth in Beechum. A close examination of Beechum and Simon reveals that the first two elements of Simon are simply a more detailed breakdown of the first element of Beechum.

Under Beechum and Simon, the first inquiry is into relevancy. Relevancy is defined as "'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" Beechum, at 911. Initially, then, the question is whether intent is an issue.

Based upon information and belief, the United States expects the defendant to argue that he had no intent to possess the firearms discovered in this case. Consequently, defendant's prior possession and use of a firearm is proper 404(b) evidence establishing his intent to possess the firearms charged in the instant indictment.

**4**

Furthermore, after intent is recognized as a relevant issue, the next question is whether the other act evidence offered by the government is also relevant.

> Where the evidence sought to be introduced is an extrinsic offense, its relevance is a function of its similarity to the offense charged. In this regard, however, similarity means more than that the extrinsic and charged offense have a common characteristic. For the purposes of determining relevancy, "a fact is similar to another only when the common characteristic is the significant one for the purpose of the inquiry at hand." [Cite omitted].

Beechum, at 911. The question is not whether the other act is similar to the criminal act being tried. Rather, the question is whether the intent required in the other act is similar to the intent required in the criminal act being tried.

Indeed, possessing a firearm on any occasion requires the same intent. Thus, the requisite mental state for the current charge and defendant's prior bad acts are exact.

Once the government establishes that the other acts evidence is relevant, that is, that the other acts evidence is probative of a disputed issue, the next step is to show that the proffered other acts were, in fact, committed. The "task for the trial judge is to determine whether there is sufficient evidence for the jury to find that the defendant in fact committed the extrinsic offense." Beechum, at 913.

> The judge need not be convinced beyond a reasonable doubt that the defendant committed the extrinsic offense, nor need he require the Government to come forward with clear and convincing proof. [Footnote omitted]. The standard for the admissibility of extrinsic offense evidence is that of rule 104(b): "the preliminary fact can be decided by the judge against the proponent only where the jury could not reasonably find the preliminary fact to exist." [Cite omitted].

5

Beechum, at 913.  As with the other aspects of the Beechum analysis, the Eleventh Circuit has adopted this easy burden of proof concerning the other acts.  The second element of Simon deals with the government's responsibility to establish that the extrinsic act occurred and the standard of proof the government is required to meet.  With regard to the standard of proof, Perez-Garcia states:

> We have held that the defendant's commission of the extrinsic offense need not be proven beyond a reasonable doubt or even by clear and convincing evidence.  United States v. Astling, 733 F.2d 1446, 1457 (11th Cir. 1984).  It is sufficient if the jury could reasonably find from the evidence that the defendant committed the offense.

Perez-Garcia, at slip opinion p. 3639.  In United States v. Terebecki, 692 F.2d 1345 (11th Cir. 1982), the Court observed that the testimony of one witness concerning the extrinsic offense was sufficient to meet the Beechum standard of proof.  Terebecki, at 1349.

In the instant case the government will prove the other acts by eye witnesses to Cofield's possession of a .22 caliber pistol attached to his belt buckle.  Clearly, such testimony will be sufficient to meet the Beechum, Terebecki and Perez-Garcia standard of proof of extrinsic acts.

Since the defendant's intent to possess the firearm in this case is an issue, the government submits that the first step of the Beechum analysis and the first two steps of the Simon analysis are established.  However:

> Once it is determined that the extrinsic offense requires the same intent as the charged offense and that the jury could find that the defendant committed the extrinsic offense, . . . we turn to the second step of the analysis required by rule 404(b), whether the evidence satisfied rule 403.

6

Beechum, at 913.

The principal determination to be made in the second step in Beechum (which is the third step in Simon) is whether the probative value of the extrinsic evidence is substantially outweighed by any danger of unfair prejudice.

> Probity in this context is not an absolute; its value must be determined with regard to the extent to which the defendant's unlawful intent is established by other evidence, stipulation or inference.  [Footnote omitted].  It is the incremental probity of the evidence that is to be balanced against its potential for undue prejudice . . . If the defendant's intent is not contested, then the incremental probative value of the extrinsic offense is inconsequential . . .

Beechum, at 914.  If, on the other hand, intent is disputed, the probative value of extrinsic offenses involving the same intent element is very high.  Id.

In this case, defendant's intent to possess firearms is a critical issue.  As such, the probative value of defendant's use and possession of another firearm is very high.  Indeed, when lack of intent to possess a firearm is argued, Courts have recognized the inherent value of similar acts evidence.  For example, the United States Court of Appeals for the District of Columbia squarely addressed this issue in United States v. Cassell, 292 F.3d 788 (D.C. Cir. 2002).  In Cassell, defendant was charged with being a felon in possession of a firearm.  At trial, defendant insisted that the firearms discovered in his bedroom were not his.  To rebut defendant's argument that he had no intent to possess the firearms, the government was allowed to admit evidence establishing defendant's prior firearm possession.  Id. at 791, 792.  On appeal, the Circuit Court reasoned that the government was required to prove that the defendant "knowingly possessed the firearms recovered from his bedroom."  Id. at 792.

The Court noted that because there was no evidence that the defendant actually possessed the firearms, the government could prove defendant's constructive possession.  Id.  Likewise, according to the Court: "[I]n cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged."  Id. at 793, *quoting* United States v. King, 254 F. 3d 1098 (D.C. Cir. 2001).  Ultimately, the Circuit Court concluded that "evidence of Cassell's prior firearms possessions was relevant to show his knowledge and intent to possess the firearms recovered from his bedroom."  Cassell at 795.

Importantly, other Circuit Courts share the D.C. Circuit's reasoning on this issue.  Notably, the Second Circuit, again in a felon in possession case, United States v. Wayne Brown, 961 F.2d 1039 (2nd Cir.1992), upheld the admission of similar acts evidence to show intent, knowledge, or absence of mistake or accident.  Specifically, the Court concluded that introducing evidence of other firearms to establish knowledge and absence of mistake or accident is permissible under Rule 404(b).  Brown at 1042.

Likewise, the Fifth Circuit in United States v. Davis, 792 F.2d 1299 (5th Cir. 1986), validated the admission of previously seized firearms in a felon in possession case.  Applying Rule 404(b), the Court found that the prior acts tended to establish defendant's knowing possession of firearms in the instant case.  Davis at 1305.  The Court specifically found that the prior acts evidence was more probative than prejudicial.  Id.

Further, the Eleventh Circuit, in United States v. Gomez 927 F.2d 1530 (11th Cir. 1991), upheld the District Court's admission (under Rule 404(b)) of defendant's prior

8

conviction for possession of a firearm.  Defendant was charged with violating 18 U.S.C. 924(c), possession of a firearm in relation to a drug trafficking crime.  Id. at 1534.  The Eleventh Circuit held that Gomez's possession of a concealed firearm on a prior instance was relevant to a charge of possession of a firearm in his car while seeking to transport drugs.  Id.  The Court reasoned that the evidence of the prior crime was admissible to rebut defendant's claim that the gun was for an innocent purpose or its presence was a mere accident or mistake.  Gomez at 1534.

Finally, Courts of the Middle District of Alabama have recently ruled on the admissibility of previous firearms possession to prove intent in Felon in Possession prosecutions.  For example, in United States v. Herring, 2005 WL 2989804 (M.D. Ala.), Judge Thompson admitted evidence of the defendant's prior possession of a firearm to show defendant's criminal intent to possess a firearm recovered from his vehicle.  In reaching his decision, Judge Thompson noted that "the D.C. Circuit determined that a prior gun possession was admissible to show 'knowledge of and intent to possess the firearm' in the instant case."  See Herring at *1, *quoting* United States v. Cassell, 292 F.3d 788, 795 (D.C. Cir. 2002).

In addition, another factor in evaluating probative value is, "the overall similarity of the extrinsic and charged offenses."  Beechum, at 915.  If there is little similarity other than intent, then the probative value may be low.  For example, if a defendant is charged with stealing an automobile and the extrinsic offense offered is that he had, on another occasion, embezzled bank funds; then the probative value of the extrinsic offense is lower than if the extrinsic offense was also the theft of an automobile.

In this case, there is no question of the requisite similarity. Indeed the acts are exactly the same, unlawful possession of a firearm. Cited below are cases that compare the similarity between the charged offense and the prior bad acts. If the cases cited below are sufficiently similar, then the firearms possession in the instant case is undoubtedly similar enough.

In <u>United States v. Jenkins</u>, 785 F.2d 1387, 1395 (9th Cir. 1986), one of the defendants was charged with engaging in a scheme to obtain, by fraudulent means, financing insured by the Federal Housing Administration. The Ninth Circuit held that the district court properly admitted 404(b) evidence that approximately one year before the charged offense this particular defendant had obtained conventional loans through fraudulent means.

In <u>United States v. Tullos</u>, 868 F.2d 689 (5th Cir. 1989), the defendants were convicted of making false entries in certain bank books, willful misapplication of the bank's funds, and conspiracy to make false entries and misapply funds. One of the convicted defendants was the bank's attorney. He claimed that he had never knowingly submitted false closing statements to the bank. The prosecutor offered evidence that the bank's attorney had issued duplicate bills to the bank for his services. In other words, the attorney-defendant sent the bank one bill which contained a higher charge for his services, and gave his own law firm a different bill showing a lower charge for the same services. By doing this, the attorney-defendant concealed from his law firm the true amount of his fee. The Fifth Circuit held that since the attorney-defendant had offered the defense of mistake and lack of fraudulent intent, this extrinsic act evidence regarding the fraudulent billing was properly admitted under 404(b).

A final measure of the probative value of the extrinsic evidence is the closeness in time of the other acts to the offenses charged. "[T]emporal remoteness deprecates the probity of the extrinsic offense." Beechum, at 915. Intent at the time of the charged offense is the issue for the jury. Here, the extrinsic act occurred in 1999. In United States v. Salery, 830 F.Supp. 596 (M.D. Ala. 1993), the Court admitted extrinsic act evidence that occurred four years before the charged offense. Id. at 599. Importantly, the District Court noted that "decisions as to impermissible remoteness are so fact-specific that a generally applicable litmus test would be of dubious value." United States v. Pollock, 926 F.2d 1044, 1048 (11th Cir.), cert. denied, 502 U.S. 985, 112 S.Ct. 593, 116 L.Ed.2d 617 (1991).

The government submits that each aspect of the Beechum test shows that the extrinsic evidence proffered by the government should be admitted. Furthermore, a balancing of the probative value of the evidence shows that it is not substantially outweighed by Rule 403 considerations.

First, the extrinsic evidence, "is not of a heinous nature; it would hardly incite the jury to irrational decision by its force on human emotion." Beechum, at 917. Furthermore, the proffered evidence will not confuse the issues, mislead the jury, or waste time. The Court can and should instruct the jury as to the proper use of the evidence by the jury. Indeed, such limiting instructions have been approved and recommended by the Fifth Circuit, Beechum at 917, as well as the United States Supreme Court. Huddleston v. United States, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988).

11

CONCLUSION

On the basis of <u>United States v. Simon</u>, 839 F.2d 1461 (11th Cir.) <u>cert. denied</u>, 488 U.S. 861, 109 S.Ct. 158, 102 L.Ed.2d 129 (1988), and <u>United States v. Beechum</u>, 582 F.2d 898 (5th Cir. 1978), the government respectfully requests that the Court admit the above extrinsic act evidence at the trial of this case.

Respectfully submitted this 23rd day of February, 2007.

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

/s/ Verne H. Speirs
VERNE H. SPEIRS
Assistant United States Attorney
1 Court Square, Suite 201
Montgomery, Alabama 36104
(334) 223-7280
(334) 223-7135 Fax
verne.speirs@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 3:06cr208-MEF |
| ) | |
| JASON EDWARD COFIELD ) | |

CERTIFICATE OF SERVICE

     I hereby certify that on February 23, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Pate DeBardeleben.

     Respectfully submitted,

     LEURA GARRETT CANARY
     UNITED STATES ATTORNEY

     /s/ Verne H. Speirs
     VERNE H. SPEIRS
     Assistant United States Attorney
     1 Court Square, Suite 201
     Montgomery, Alabama 36104
     (334) 223-7280
     (334) 223-7135 Fax
     verne.speirs@usdoj.gov