IN THE UNITED STATES DISTRICT COURT FOR

THE MIDDLE DISTRICT OF ALABAMA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CASE NO. 3:06-cr-208-MEF |
| JASON EDWARD COFIELD | * |

RECEIVED
2007 JUN 29 P 12: 58
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

### SECOND BRIEF IN SUPPORT OF MOTION TO SUPPRESS

COMES NOW the above named Jason Edward Cofield, through counsel, and pursuant to Court Order of May 1, 2007 files this supplemental brief to address whether the "exigent circumstances exception to the warrant requirement" existed in the instant case.

After much review of exigent circumstances law, counsel finds no reason for exigent circumstance to have allowed a search of Jason Cofield's home or storage building. As grounds for said position counsel avers the following facts and law;

1. Citing BLACK'S LAW DICTIONARY, Fifth Edition, with citations, Exigent circumstance is defined as ; "The 'exigent circumstances' test permits police to make warrantless entry to effect an arrest when exigencies of situation make that course **imperative.** VANCE v. STATE OF N.C., C.A.N.C., 432F.2d 984, 990. Exception to rule requiring search warrant is presence of exigent or **emergency-like** circumstances as for example presence of weapons in a motor vehicle stopped on highway and such exigent circumstances permit warrantless search and seizure. CHAMBERS v. MARONEY ,399 U.S. 42, 90 S. Ct. 1975, 26 L.Ed.2d 419"

Quoting the Magistrate Judge's Recommendation, page 11, he says; "In the instant case,

(Officer) Jordan testified that as he approached the shed, he smelled ammonia. He also observed that the shed had motion sensors, closed circuit surveillance cameras, and power running to the shed. According to Jordan, the officers were concerned about the possibility of the shed being booby-trapped.

> Once we began smelling the ammonia, found the tank, saw the camera systems and knew we had power going to the trailer, and that it was-the standard door was locked from the inside, we weren't sure what the safest method would be to breach the door and make entry. I consulted with Mr. Maddox and he stated that he had a high pressure water cannon system that they use. They are able to breach windows without detonating anything that might be attached and then we could use a mirror system to look around the inside and see if anything appeared booby trapped to the doors.
> (Supp. Evid. H'rg Tr. At 17)

The officers were able to use the water cannon to breach the window and determine that the shed was not booby-trapped. (*Id.* at 24). Certainly, the potential harm to officers and others of booby traps is the type of circumstance that permitted the officers to breach the shed windows with the water cannon. However, once the officers determined that the shed was not booby-trapped, the exigency ended and there was no reasonable basis for the officers to continue their intrusion. Accordingly, because there were no exigent circumstances when they entered the shed and searched, the warrantless search was not justified."

There were no exigent (**emergency**) circumstances which would have allowed the officers to search the storage shed of Jason Cofield, especially after learning the storage shed was not booby-trapped and no methamphetamine lab existed, as Officer Jordan confirmed in testimony, and as the learned Magistrate Judge cited in his report.

The property should have been secured and a search warrant obtained prior to any search of Jason Cofield's home or storage shed.

    2. Case law identifies several circumstances which would allow an exception to the

warrant requirement under certain "emergency" situations. Those exceptions are;

    a. **Hot pursuit:** The police may make a warrantless search and seizure when they are in "hot pursuit" of a dangerous suspect. The scope of such a search may be as extensive as reasonably necessary to prevent the suspect from resisting or escaping. WARDEN v. HAYDEN, 387 U.S. 294 (1967).

    The police were not in pursuit of anyone when they made the decision to enter and search the storage shed without a warrant.

    When police have probable cause and attempt to make a warrantless arrest in a "public place," they may pursue the suspect into a private dwelling. UNITED STATES v. SANTANA, 427 U.S. 38 (1976).

    No one was being pursued into the storage shed of Jason Cofield.

    b. **Evanescent evidence:** The police may make a warrantless seizure of evidence likely to disappear before a warrant can be obtained. Examples of evanescent evidence include a blood sample containing alcohol, SCHMERBER v. CALIFORNIA, 384 U.S. 757 (1966) and fingernail scrapings, CUPP v. MURPHY, 412 U.S. 291 (1973).

    Any evidence of interest inside Jason Cofield's storage shed was not going to disappear nor would it become diminished over a short period of time.

    c. **Special emergencies:** Warrantless searches and seizures are permissible in certain other emergencies such as those concerning burning fires, MICHIGAN v. TYLER, 436 U.S. 499 (1978), contaminated food or drugs, NORTH AMERICAN COLD STORAGE CO. v. CITY OF CHICAGO, 211 U.S. 306 (1908), and children in trouble, STATE v. HUNT, 406 P.2d 208 (Ariz. 1965).

    Jason Cofield's storage shed was not on fire, there was no contamination issue, nor were

any individuals in trouble.

There is no general "emergency" exception. A warrant is required to seize evidence from a burned building after the fire has been extinguished, MICHIGAN v. TYLER, *supra*, search a murder scene if the exigency has passed, MINCEY v. ARIZONA, 437 U.S. 385 (1978) and check occupational safety violations, MARSHALL v. BARLOW'S, INC., 436 U.S. 307 (1978).

None of the above noted exceptions apply to the search for contraband in Jason Cofield's storage shed.

d. **Burden and 11th Circuit law:** Exigent circumstances exist when the facts would lead a reasonable, experienced agent to believe that evidence might be destroyed or removed before a warrant could be secured, UNITED STATES v. REID, 69 F.3d 1109 (11th Cir. 1995); UNITED STATES v. RODGERS, 924 F.2d 219 (11th Cir. 1991).

Another 11th Circuit case with similarities exist in UNITED STATES v. SATTERFIELD, 743 F.2d 827 (11th Cir. 1984), wherein the police arrested the defendant who was a suspect in a murder and removed him from the premises. Ten minutes later the police went back to the house and located a shotgun. This re-entry was not justified by exigent circumstance, even though the police were aware that the defendant's accomplices were still at large. The police could have secured the premises while they obtained a search warrant.

The exigency exception only applies when the inevitable delay, incident to obtaining a warrant, must give way to an urgent need for immediate action, UNITED STATES v. BURGOS, 720 F.2d 1520 (11th Cir. 1983).

The government bears the burden of proving exigent circumstances, COOLIDGE v. NEW HAMPSHIRE, 403 U.S. 443 (1971); UNITED STATES v. TOVAR-RICO, 61 F.3d 1529 (11th Cir. 1995).

Under the facts and testimony of this case, the government is simply unable to carry this burden.

WHEREFORE, counsel moves this Honorable Court to affirm the finding of the Magistrate Judge and his RECOMMENDATION to the Court.

Respectfully submitted this the 29th day of June, 2007.

*/s/ Pate DeBardeleben*

Pate DeBardeleben, Attorney for Jason Cofield

DEB008

2835 Zelda Road, Montgomery, AL 36106

334-213-0609

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the Honorable Verne H. Speirs by mailing to P.O. Box 197, Montgomery, AL 36101-0197 this the 29th day of June, 2007.

*/s/ Pate DeBardeleben*

Pate DeBardeleben